D. M. OSBORNE & COMPANY v. LEVI B. JOSSELYN and Another.[1]

May 27, 1904.

Nos. 13,946—(41).

**Contract.**

    A contract between plaintiff, a manufacturer of farm implements, and defendants, local dealers in such articles, construed, and *held* to create the relation of principal and agent between the parties.

[1] Reported in 99 N. W. 890.

**Form of Warranty.**

A form of warranty printed on the back of such contract *held* not a part of the agreement between the parties, but instead a warranty which plaintiff authorized defendants, as its agents, to make on its behalf on the sale of the machines referred to in the contract to purchasers.

Appeal by defendants from an order of the district court for Olmsted county, Snow, J., denying a motion for a new trial, after a trial and verdict in favor of plaintiff for $115 and interest. Affirmed.

*Fraser & Fraser,* for appellants.

*George J. Allen* and *H. F. Woodard,* for respondent.

BROWN, J.

Action to recover upon a promissory note made and delivered by defendants to plaintiff, in which, on trial, a verdict was directed for plaintiff, and defendants appealed from an order denying their motion for a new trial.

On December 27, 1900, defendants made and delivered to plaintiff, a corporation, their promissory note, by which they promised and agreed to pay plaintiff the sum of $115, with interest. Having failed to pay the same, plaintiff brought this action to recover thereon. Defendants interposed the defense that the note was made and delivered in payment of the purchase price of a corn harvester sold and delivered to defendants by plaintiff; that the harvester was warranted by plaintiff to be well made, of good material, capable, if properly handled, of doing good work as a corn harvester; that there was a breach of warranty and resulting damages, which they ask to have offset against the amount due on the note. The only question presented for our consideration is whether the allegations of the answer to the effect that the harvester was sold to defendants with a warranty as to condition and quality are true—whether plaintiff in fact warranted the machine to defendants.

At the trial defendants offered to prove a verbal understanding that a certain written warranty appearing upon the back of the contract between them was agreed and understood to be a part of their agreement. But, as the contract was in writing, the evidence was incompetent, and properly excluded. The assignments of error covering that phase of the case need no further mention.

It appears that plaintiff is a manufacturer of agricultural implements, and defendants are general dealers therein at Rochester, Minnesota. As already stated, the contract by which the machine in question was sold by plaintiff to defendants was in writing, and whether a warranty was given as a part of that transaction depends upon the construction to be given the writing. The contract provides in part as follows:

> The party of the first part [plaintiff] sells and the party of the second part [defendants] buys the Osborne Columbia Corn Harvesters listed within at price annexed, same to be paid with express charges or exchange. Shipment to be made at time specified within, unless prevented by fire, strikes, or demands exceeding the party of the first part's capacity to supply.

It then provides terms of settlement, giving defendants the option to pay in cash or by notes made or indorsed by farmers in good standing for the amount due, and that, if any notes which defendants may deliver to plaintiff in payment for the harvesters are found within six months not to comply with the conditions of the contract, defendants agree on demand to replace them by other notes. It provides further that additional orders for merchandise named in the contract shipped during the life of the same are subject to prices, terms, and conditions therein mentioned. The writing expressly limits the territory within which defendants may resell the machines which the contract purports to sell to them, and defendants expressly agree to sell within the limited territory only, and not to handle or sell any other make of corn harvester; and they are given by the contract the exclusive sale of the harvesters within that territory. They further agree not to sell the harvesters at a lower price than $110, unless authorized to do so in writing by plaintiff. A violation of the agreement on the part of defendants in any respect gives plaintiff the right to revoke the contract and refuse to fill any order for harvesters thereunder. Following other unimportant provisions, appears the following:

> The form of warranty printed on page four of this agreement is the only one authorized, and variation of it by the party of the second part makes him or them liable for all loss, damage and expense occasioned thereby.

The contract concludes with the statement that it is fully understood and agreed that it contains the full agreement between the parties, and that no claim based upon verbal agreements shall be set up or recognized by either.

The contract is printed upon a small leaflet of four pages, the contract itself being concluded and signed by the parties on the third page. On the back or fourth page appears the warranty, referred to in that part of the agreement just quoted, and which defendants contend they are entitled to rely upon as a defense to the action. It is as follows:

Memoranda

Corn Harvester Warranty.

This machine is warranted to be well made, of good material, and if properly set up, to do as good work as any machine made for similar purpose. If upon one day's trial, the machine should not work well, the purchaser shall immediately notify the local agent who sold it and D. M. Osborne & Co., Chicago, Ill., and allow reasonable time for some one to be sent to put it in order. If it is not then made to do work as above warranted, it must be returned at once to said local agent, at his place of business, and any payments made thereon will be refunded.

Continuous use of the machine, or use at intervals through the harvest season, or the failure to notify D. M. Osborne & Co. and their agent, or failure to return the machine as agreed shall be deemed an acceptance of the machine by the purchaser.

No variations of this warranty, oral or written, will be recognized by us.

D. M. Osborne & Co.

Defendants made no use of the harvester for their own purposes, but sold it to a farmer—upon what terms and conditions does not appear. But the purchaser from them tried it in harvesting his corn, and it fairly appears from the evidence offered on the trial that it failed to work. It is claimed that the warranty above mentioned was a part and portion of the contract between plaintiff and defendants, and available to the latter in defense of the action. The learned trial judge held

otherwise, and, after careful consideration of the question, we reach the conclusion that he must be sustained.

It seems reasonably clear that the parties did not intend this warranty as a part of their contract. A reading of the warranty discloses its inapplicability. It provides that if, upon one day's trial, the machine does not work well, the purchaser shall immediately notify the local agent who sold it and the plaintiff company at Chicago, Illinois, and allow a reasonable time for some one to be sent to put it in order. Defendants were dealers in machines of this kind, and when they purchased this one, if the contract amounts to an actual purchase by them, they had no intention of trying or testing it in the field. Both parties so understood when the contract was entered into, and the provision of the warranty that the purchaser shall notify the local agent of the failure of the machine to work is meaningless, because they were themselves the local agents.

It seems to us that the only proper construction to be placed upon the contract, taking it by its four corners, is that it created the relation of principal and agent between plaintiff and defendants; and though, by its terms, it purports to sell the machines to defendants, it should be construed in the light of the entire document, the surroundings and situation of the parties, and in harmony with the evident purpose and intent of the parties entering into it. Unless so construed, all the provisions of the contract fixing limitations upon the territory within which defendants might sell the harvesters, and their agreement to sell only within that territory and for a specified price, and the right of plaintiff to cancel the contract in case of violation of the agreement in this respect, are superfluous, and clearly not binding upon defendants. If they acquired the absolute ownership and title to the property, and were not representing plaintiff in making a sale thereof to farmers, clearly the plaintiff had no right to restrict them as to where, or to whom, or for what price, they might sell it.

In this view the conclusion is unavoidable that it was a mere contract of agency, and that the memorandum of warranty upon the back thereof was a warranty which defendants, as agents, were authorized to give to purchasers of the machine, and by which plaintiff agreed to be bound. The part of the contract providing that the form of warranty printed on the back thereof "is the only one authorized" means that it is

the only one defendants are authorized to make on behalf of plaintiff upon the sale of the harvester, and vests authority in defendants to warrant the machine when sold to farmers. It is clear from this language that it was contemplated and understood that defendants were to resell the harvesters, the subject-matter of the contract, to farmers, and the intention was to give them authority to warrant them to the extent and in the manner specified in the written form of warranty. It must follow, therefore, that they were the agents of plaintiff in making a sale of the machine, and that the warranty was not a part of the contract between plaintiff and defendants. If defendants, at the time the machine in question was sold by them, warranted it to the purchaser in accordance with the form of warranty above referred to, plaintiff would be bound by it, and recovery could be had against it by such purchaser for a breach thereof. But he is not before the court, and his rights are not involved.

Order affirmed.