UNITED STATES RUBBER CO. v. BUTLER BROS. SHOE CO.

(Circuit Court, D. Colorado. August 23, 1904.)

No. 4,549.

1. FOREIGN CORPORATIONS—DOING BUSINESS IN STATE.

   A foreign corporation, which has an established place of business in Colorado, where its goods are sold by a factor under a contract, is doing business in the state, within the meaning of Act Colo. 1901, § 10 (13 Sess. Laws, p. 121, c. 52), and it is immaterial that the goods were manufactured in, or shipped from, another state.

2. SAME—FAILURE TO COMPLY WITH STATE LAW—VALIDITY OF CONTRACT.

   A foreign corporation doing business in Colorado, which has not complied with the requirements of Act Colo. 1901, § 4 (13 Sess. Laws, p. 118, c. 52), by paying a tax on its capital stock, or appointing an agent on whom service may be made, cannot maintain a suit based on a contract made in the state in violation of such statute.

In Equity. On exceptions to answer.

Rogers, Cuthbert & Ellis, for complainant.
J. E. Robinson and Charles J. Hughes, Jr., for defendant.

HALLETT, District Judge. The contracts of January 1, 1903, and October 22, 1903, set up in the bill of complaint, provide for selling in the state of Colorado goods manufactured by the complainant, and consigned to respondent from time to time. The relation of the parties was that of principal and factor, or, as it is now usually expressed, a sale of complainant's goods by respondent on commission. Clearly enough complainant was doing business in the state of Colorado, within the meaning of section 10 of the act of assembly of 1901. Laws 13th Sess. p. 121, c. 52. The answer avers that complainant did not at any time comply with the provisions of section 4 of said act of assembly in respect to the payment of a tax upon its capital stock, and other provisions of the act in respect to designating an agent upon whom service of process could be made, and the like. Complainant excepts to this part of the answer, on the ground that the defense should be made by plea and other grounds, which it is not necessary to state at length. That a foreign corporation must comply with such a law of the state, regulating its admission to the state for doing business, as the act of assembly of 1901, has been often adjudged. The latest case cited by counsel is full to the point, and no other need be mentioned. Diamond Glue Co. v. U. S. Glue Co., 187 U. S. 611, 23 Sup. Ct. 206, 47 L. Ed. 328.

A possible exception of a case arising under the interstate commerce clause of the federal constitution is not found in this record. It is not charged, in the bill or elsewhere, that the goods in question were made in a foreign state, but some parts of the contracts seem to suggest that they were so made. If it should be shown that the goods were of foreign manufacture, the case would not be different. Complainant had the right, under the interstate commerce clause of the constitution, to

¶ 1. Foreign corporations "doing business" in state, see note to Wagner v. Meakin, 33 C. C. A. 585.

¶ 2. See Corporations, vol. 12, Cent. Dig. §§ 2540, 2544.

sell its wares in the state of Colorado without let or hindrance from the state authorities. This is the effect of Cooper Mfg. Co. v. Ferguson, 113 U. S. 727, 5 Sup. Ct. 739, 28 L. Ed. 1137, and many other cases reported in the books. But complainant did not stop with the exercise of that right. It set up business in the state of Colorado, with a factor in charge, and carried on such business quite extensively. It has been held that coal mined in Pennsylvania and sent to New Orleans, to be sold in open market for owner's account, becomes on arrival there subject to taxation as other property of the state. Brown v. Houston, 114 U. S. 623, 5 Sup. Ct. 1091, 29 L. Ed. 257.

The principle is applicable to the case under consideration. Complainant could sell its goods to respondent or to any other purchaser without paying tribute to the state. But when they brought goods into the state to be sold in the general market, they became subject to the general law of the state in respect to foreign corporations. Not having complied with the act of assembly of 1901, it must be said that they have no right of action upon the contracts mentioned in the bill of complaint. It matters not that the act of assembly does not declare the contracts to be void. The general rule is that a contract made in violation of a statute is void, and when a plaintiff cannot establish a cause of action without relying upon an illegal contract he cannot recover. Miller v. Ammon, 145 U. S. 421, 12 Sup. Ct. 884, 36 L. Ed. 759. However, this rule cannot be applicable to the goods on hand in respondent's possession when the bill was filed. Complainant must rely on the contracts in order to have an account of goods sold by respondent as its factor. Not so as to the goods on hand; the title to them never passed to any one, and complainant had the right to reclaim the possession while they remained in specie in respondent's hands. As the answer may stand to some part of the relief demanded, the exceptions must be overruled. Other exceptions to the answer will not be discussed. As to them, the order will be entered as marked in the margin, without comment.