[No. 9533.  Department One.  August 1, 1911.]

## Boston Tow Boat Company, *Appellant*, v. Sesnon Company, *Respondent*.[1]

CORPORATIONS—FOREIGN CORPORATIONS—RIGHT TO SUE—PAYMENT OF LICENSE.  Rem. & Bal. Code, § 3715, providing that no corporation shall maintain any suit in this state without alleging and proving that it has paid its annual license fee, applies to a suit by a foreign corporation which had for several years maintained a marine superintendent at a port in this state whose duty it was to attend to the up-keep and maintain crews for three ocean-going steamships owned by plaintiff and entering such port.

PRINCIPAL AND AGENT—RELATION—EVIDENCE.  Lighterers who had agreed to collect and pay over freight charges on freight carried by a vessel are not shown to be, in all things, agents of the operators of the vessel, where the contract provided that a local agent of the operators was to make adjustments and payments to the lighterers for lighterage and services.

SET-OFF AND COUNTERCLAIM—ACTION ON ASSIGNED CLAIMS—NOTICE OF ASSIGNMENTS.  Under Rem. & Bal. Code, § 266, providing that, in a civil action upon contract assigned to the plaintiff, the defendant may set-off any demand of like nature against the person originally liable if it existed at the time of the assignment and belonged to the defendant in good faith before notice of the assignment, defendants, who, as ship lighterers, had agreed with the charterers of a vessel to collect and turn over all freight charges less compensation for lighterage, may offset an indebtedness to them from the charterers for their failure to deliver coal and grain shipped in their care, in an action for the freights collected, brought by the owners of the vessel upon abandonment of the vessel by the charterers; the lighterers having had no notice that the charterers had abandoned the vessel or agreed to collect and hold in trust for the owners the proceeds of the voyage.

Appeal from a judgment of the superior court for King county, Main, J., entered December 10, 1910, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action on contract.  Affirmed.

[1]Reported in 116 Pac. 1083.

*Piles & Howe and E. C. Hanford*, for appellant.
*William H. Gorham*, for respondent.

DUNBAR, C. J.—The appellant, a Massachusetts corporation, in the year 1907, was the owner of the steamship "Hyades," but had chartered it to Schubach & Hamilton, a Washington corporation, who operated it on the Alaska run out of the port of Seattle. The respondent company was, in the year 1907, operating at the port of Nome, Alaska, as lighterers. In the year 1906, Schubach & Hamilton made a contract with the respondent, the Sesnon Company, whereby it was agreed that the company should collect all freight charges on freight to be carried by the vessel operated by Schubach & Hamilton to Nome, Alaska, and upon the collection of the same should pay over such freight charges to Schubach & Hamilton forthwith. In the month of September, 1907, Schubach & Hamilton, finding that it was unable to comply with the conditions of the charter, executed and delivered to the Boston Tow Boat Company, appellant, an agreement whereby Schubach & Hamilton abandoned the Hyades over to the owner, the Boston Tow Boat Company, Schubach & Hamilton agreeing in said agreement to collect and receive in trust the proceeds of the voyage of the Hyades, then about to be begun.

After the making of that agreement, the Hyades sailed from Seattle to Nome and, upon her arrival at Nome, was lightered by the Sesnon Company, it collecting the amount of freight charges upon the delivery of freight to the various consignees, and turning over to Schubach & Hamilton all freight money collected, less the sum of $4,269.69. This particular voyage took place between the dates of October 3, 1907, and November 4, 1907, which was after the abandonment of the Hyades by Schubach & Hamilton. The action was brought by the appellant against the Sesnon Company for the amount that had not been turned over by the respondent to Schubach & Hamilton. At the trial in the court be-

low, respondent paid over to appellant the sum of $822.89, with interest, leaving the balance now in controversy of $3,446.80, against which respondent sets up certain counter-claims and offsets on account of claims held by it against Schubach & Hamilton. The aggregate sums are agreed upon between the parties, and there is no dispute concerning items, the respondent admitting the withholding of the amount of $3,446.80, and in its affirmative answer claiming set-off to that amount. An amendment to the answer was made, putting in issue the question of the right of the plaintiff to bring the action in this state, for the alleged· reason that it was a foreign corporation doing business in the state of Washington, and that at the time of the commencement of this action, it had not, and has not since said time, paid its annual license fee to the state of Washington, past due at the time of the commencement of this action.

The court made a finding of fact that, at all times between the 6th day of June, 1908, and the 31st day of October, 1910, both inclusive, the plaintiff was continuously transacting business within the state of Washington, a substantial part of its ordinary business being of a character giving rise to forms of legal obligation; that between said dates it maintained in Seattle, Washington, a representative, in the person of a marine superintendent, whose duties were those of attending to matters relating to the up-keep at Seattle, Washington, of the ocean-going steamships, Hyades, Pleiades, and Lyra, at all of said times owned by the plaintiff, maintaining proper crews and equipments, etc. Upon this finding of fact, it was determined by the court that the plaintiff had not complied with the statute in relation to the payment of its fees, and the cause was dismissed. But in order to settle the whole controversy and prevent another action at some future time, the court also found, in substance, that the defendant had no notice of the abandonment of the Hyades by Schubach & Hamilton, no notice of the contract between Schubach & Hamilton and plaintiff, and no notice that Schu-

bach & Hamilton had agreed to collect and receive in trust
or otherwise, for plaintiff, the proceeds of the voyage of the
steamship Hyades, or had agreed to pay the same to plain-
tiff in trust or otherwise, to be disbursed by plaintiff, or for
any purpose; that subsequent to the arrival and discharge
of said steamship Hyades at Nome, Alaska, and upon her
departure from Nome for Seattle upon said third voyage,
there was due from defendant to said Schubach & Hamilton
under the contract of April 17, 1906, upon an adjustment
of collect and prepaid freight charges on said third voyage
of the steamship Hyades, a balance of $4,269.69. It also
found, upon the question first discussed here, that plaintiff
had not, at the time of the commencement of this action, or
at any time since, or at all, paid its annual license fee last
due to the state of Washington, and that it had not paid to
the state of Washington any annual license fee at all. The
court concluded that the defendant was entitled to an offset
against Schubach & Hamilton aggregating $3,446.80, and
that whatever interest plaintiff had under said contract of Oc-
tober 1, 1907, in the proceeds of the third voyage of the Hy-
ades, collected by defendant under said contract of April 17,
1906, and by defendant retained, was, as between defendant
on the one hand and the plaintiff and said Schubach & Ham-
ilton on the other, the interest of an undisclosed principal.
Demurrers were interposed to the affirmative defenses, and
overruled by the court.

Noticing first the respondent's contention that the appel-
lant had no right to bring an action for the reasons affirm-
atively alleged in the answer, § 7 of chapter 140 of the Laws
of 1907, p. 271 (Rem. & Bal. Code, § 3715), is as follows:

"No corporation shall be permitted to commence or main-
tain any suit, action or proceeding in any court of this state,
without alleging and proving that it has paid its annual li-
cense fee last due."

A somewhat lengthy argument has been presented by the
appellant, to the effect that this section, construed in con-

nection with certain other sections of the statutes, was not intended to apply to a fee of this kind.   But this argument is too refined to receive judicial recognition, and the statute pleaded by the respondent is so plain and positive that it would be a wrong to undertake to construe it out of existence, or to modify its plain, mandatory terms.   For the purpose of carrying out the intention of the lower court to determine the whole question and avoid future litigation, we have examined the whole record, and from such examination have concluded that the facts found by the court were justified by the testimony, and that such facts warrant the conclusion reached by the court that the respondent was entitled to the set-off which it was allowed.   Rem. & Bal. Code, § 266, is as follows:

"The defendant in a civil action upon a contract expressed or implied, may set off any demand of a like nature against the plaintiff in interest, which existed and belonged to him at the time of the commencement of the suit.   And in all such actions, other than upon a negotiable promissory note or bill of exchange, negotiated in good faith and without notice before due, which has been assigned to the plaintiff, he may also set off a demand of a like nature existing against the person to whom he was originally liable, or any assignee prior to the plaintiff, of such contract, provided such demand existed at the time of the assignment thereof, and belonging to the defendant in good faith, before notice of such assignment, and was such a demand as might have been set off against such person to whom he was originally liable, or such assignee while the contract belonged to him."

It is the contention of the appellant that separate counterclaims and set-offs there pleaded do not show any liability on the part of Schubach & Hamilton on account of the matters set forth, as the various claims are unliquidated; and that, even conceding the liability on the part of Schubach & Hamilton, the pleadings do not show any privity between respondent and appellant, nor any transaction between appellant and Schubach & Hamilton, whereby the liability of Schubach & Hamilton is assumed by appellant or can be trans-

ferred by Schubach & Hamilton to appellant. It is the contention that, under the agreement between Schubach & Hamilton and the respondent, the respondent was agent for Schubach & Hamilton, and that being an agent it could not claim a set-off against its principal. But the contract between the respondent and Schubach & Hamilton shows conclusively that it was not acting at all in the capacity of an agent, but that it was to account to an agent of Schubach & Hamilton. Paragraph 2 of the agreement is as follows:

"Our agent will furnish you a manifest of the cargo which you are to lighter ashore, showing charges thereon and proportion of same accruing to this company. Adjustments to be made between you and our agent at Nome, and he paying you your proportion of all prepaid freight."

Again, paragraph 4:

"Our agent will furnish you with list of passengers and make payments direct to you in accordance with same at agreed rates hereinafter provided."

Paragraph 9:

"When desired by us you are to issue bills of lading on our forms to be furnished by our agent on freight originating at Nome, and adjust settlement of charges on prepaid freight with our Nome agent."

The agreement simply shows that this respondent was under contract with Schubach & Hamilton to perform certain services for it, and these counterclaims were legal counterclaims, being mostly for failure of Schubach & Hamilton to deliver coal, grain, and other commodities to the respondent, which respondent had shipped in the care of Schubach & Hamilton.

Nor is there anything in the contention that this counterclaim was not properly pleaded. The facts were clearly and concisely set forth in the answer showing the liability of Schubach & Hamilton, and this was a sufficient pleading of the counterclaim under the provisions of the code.

Finding no error in the record, the judgment is affirmed.

PARKER, GOSE, MOUNT, and FULLERTON, JJ., concur.