No. 9842.

KING COPPER COMPANY ET AL. *v.* DREHER.

CORPORATIONS—*Foreign,* may not maintain an action in the courts of Colorado without complying with sec. 904 Rev. Stat. 1908. An action against an officer of the corporation who unlawfully detains its records is within the statute.

*Error to Denver District Court, Hon. Julian H. Moore, Judge.*

Mr. HENRY HOWARD, JR., for plaintiffs in error.

Mr. A. E. McGLASHAN, for defendant in error.

Mr. Justice Allen delivered the opinion of the court.

THIS is a suit in mandamus brought by the King Copper Company, an Arizona corporation, and C. E. Welch, as its general manager, secretary and treasurer, against W. F. Dreher, who is alleged to have been such officer of the corporation, and a writ is sought to compel the respondent to deliver to the petitioners, or either of them, certain books and papers.

The court below sustained a motion of the respondent for judgment on the pleadings, and the cause was dismissed. The petitioners have sued out this writ of error, and have applied for a supersedeas.

The principal question presented by the record, and the only one necessary to be considered upon this review, relates to the right of the petitioners to maintain this suit. It is admitted in the pleadings that the King Copper Company is a foreign corporation, and has never complied with the laws of Colorado entitling it to do business in this state, and that it has never paid the fees, charges and taxes prescribed and provided by the law of the state of Colorado to be paid to the secretary of state. The respondent therefore contends that the petitioners are, by section 904 R. S. 1908, barred from prosecuting this action.

Section 904 R. S. 1908 (sec. 1044 M. A. S. 1912; S. L. 1911, p. 255) after prescribing what fee shall be paid "to the secretary of state, for the use of the state" by every foreign corporation, provides, among other things, that "no such corporation shall be permitted to * * * prosecute or defend in any suit in this state until the said fee shall have been paid."

The petitioners contend that this statute cannot be invoked by the respondent for the reason that he is sued as an officer or agent of the corporation, and therefore estopped to plead the statute as a defense.

We cannot sustain this contention, but must hold that the statute is applicable, and bars the petitioners from prosecuting this suit. In *Watson v. Empire Cream Separator Co.*, 66 Colo. 284, 180 Pac. 685, it was said that until a foreign corporation complies with the law "it has no capacity to sue." In *Western Electric Co. v. Pickett*, 51 Colo. 415, 422, 118 Pac. 988, 38 L. R. A. (N. S.) 702, Ann. Cas. 1913A, 132, this court said that "the most efficient way to compel obedience to this statute is to enforce it as it reads, and not amend it by judicial construction."

The defense of non-compliance with the statute is available to an officer or agent of a foreign corporation, or to a person standing in a relation of trust to such corporation. In other words, the defense may be raised by any defendant. In *Thomas Mfg. Co. v. Knapp,* 101 Minn. 432, 112 N. W. 989, the court, among other things, said: "It is expressly provided that 'no corporation which shall fail to comply with the provisions of this Act can maintain any suit or action, * * * in any of the courts of this state.' No limitations are expressed, and no exceptions can be implied. The corporation must comply with the law, or the courts of the state are closed to it. The statute expresses a clearly defined public policy. * * *" And in considering the right of an agent to rely upon the statute, the court says that his rights and obligations are matters of secondary importance in the face of the statute, and that "the doctrine of estoppel cannot be applied to enable a person or corporation to do what is forbidden by law." The rule laid down by the Minnesota case above cited was adopted by the Court of Civil Appeals in Texas in *Billingslea Grain Co. v. Howell,* 205 S. W. 671. To the same effect is *Boston Tow Boat Co. v. Sesnon Co.,* 64 Wash. 375, 116 Pac. 1083.

Under the language of our statute, and the authorities hereinbefore mentioned, the trial court committed no error in dismissing the suit. The application for a supersedeas is denied, and the judgment is affirmed.

*Affirmed.*

Chief Justice Garrigues and Mr. Justice Bailey concur.