THE FIRST NATIONAL BANK OF ARLINGTON, OREGON, v. J. W. LYNCH.

No. 630.

1. **Setoff—Liquidated Demand.**—The value of property as agreed on in a trade and exchange thereof, one party having failed to deliver the property traded by him, may be pleaded in setoff by the other party against a note given in a different transaction.

2. **Same—Debt Payable in Property.**—Where in an exchange of property one party agrees to deliver certain property or pay its agreed value, on his failure to so deliver the obligation becomes a moneyed debt for the stipulated amount, and the question as between penalty and liquidated damages does not arise.

3. **Estoppel — Amount Claimed.** — One who has demanded a certain amount as a balance due on a trade is not thereby estopped from suing for a larger sum, and may explain the demand.

4. **Interest Allowed from What Date—Exchange of Property.**—For property received by him in exchange, a party was to deliver other property within a reasonable time or pay its agreed value. Having afterwards sold the property, thus placing it out of his power to deliver it, he was, it seems, chargeable with interest on its agreed value from the date of such sale.

5. **Verdict—Immaterial Error.**—Where the amount allowed plaintiff by the verdict for attorney fees on a note was too small, but excessive interest was allowed him to an amount in excess of such deficiency, he has no ground of complaint.

APPEAL from the County Court of Tarrant. Tried below before Hon. W. D. HARRIS.

This suit was brought by appellant on a note for $600, with interest and attorney fees, executed by appellee to Corry & Stricklin, September 27, 1890, and endorsed to appellant before maturity.   Appellee pleaded in setoff, that on September 3, 1890, he traded a stallion to appellant for certain mares, the values of such being agreed on in the trade; that he delivered the stallion, but the mares being then in another county, appellant undertook to deliver them within a reasonable time or pay their agreed value, but had failed so to do.  The judgment was in favor of appellee for the difference between the agreed value of the mares and the amount of the note.

*Hunter, Stewart & Dunklin*, for appellant.—1.  Plaintiff's cause of action being founded upon a certain and liquidated demand, the defendant could not offset the same with a claim for unliquidated or uncertain damages founded upon an alleged breach of contract on the part of plaintiff, not shown to arise out of or to be incident to or connected with plaintiff's cause of action.   1 Sayles' Civ. Stats., arts. 649, 650.

2.  The stipulation in appellant's contract for the payment to appellee of the sum of $100 each for the mares in case they were not delivered, as set forth in appellee's counter-claim, should be construed as a penalty, and the measure of damages held to be the value of the mares not delivered.   This value being uncertain, could not be setoff against appellant's demand, and appellant's exception to the counter-claim should have been sustained.   Farrar v. Beeman, 63 Texas, 175; Moore v. Anderson, 30 Texas, 224; 2 Sedg. on Dam., 7 ed., 215, 232, 250, note a; 1 Tayl. on Ev., 56; 13 Am. and Eng. Encycl. of Law, 852, 864; 2 Wait's Act. and Def., 436; Peine v. Weber, 47 Ill., 41; Tiernan v. Hinman, 16 Ill., 400; Morse v. Rathbone, 42 Mo., 594; 3 Pars. on Con., 156, 159.

*Field, West & Smith*, for appellee.—1.  Appellant's cause of action being founded upon a certain and liquidated demand, appellee could offset the same with a certain and liquidated demand, or counter-claim.  1 Sayles' Civ. Stats., art. 649.

2.  The stipulations in a contract as to whether or not the payment of a certain sum of money shall be taken as a penalty or as damage, depends upon the intention of the parties, and this intention, under proper instructions, should be submitted in charge to the jury.   Yetter v. Hudson, 57 Texas, 604; Eakin v. Scott, 70 Texas, 442.

HEAD, ASSOCIATE JUSTICE.—We find the evidence sufficient to sustain the verdict of the jury in finding that the value of the stallion and mares was fixed by agreement of the parties at time of the trade, and there was therefore no such uncertainty in appellee's counter-claim as would prevent him from pleading it in setoff to the note sued on by appellant.   We

do not mean by this, however, to be understood as holding, that had the amount of appellee's claim for the failure to deliver these horses been left to be ascertained by evidence as to their reasonable value, this would constitute such uncertainty as would prevent the assertion of the debt in setoff to appellant's note, under our statute. Jones & Co. v. Hunt, 74 Texas, 657; Riddle v. McKinney, 67 Texas, 32; Duncan v. Magette, 25 Texas, 251.

Under the facts as established by the verdict in this case, we do not think the question of liquidated damages or penalty is raised. The case bears a stronger analogy to a contract for the sale of a horse at an agreed price, which could be paid by the delivery of other horses or the proceeds of their sale, made in compliance with the contract, within a reasonable time, upon failure to do which the obligation becomes a moneyed demand for the stipulated amount. Short v. Abernathy, 42 Texas, 94; Bummell v. City of Houston, 68 Texas, 12, and cases there cited.

We do not think appellee estopped by his demand upon appellant for $470 as the balance due him on the trade. This was not paid by appellant, and under the circumstances was only evidence to go to the jury in so far as it might throw light upon the terms of the actual trade, and appellee was, therefore, correctly allowed to explain the circumstances under which the letter was written making this demand.

The jury did not err in allowing appellee interest upon the amount due him from the 1st of January after the accrual of the debt. We think it clear from the evidence a reasonable time had elapsed for the delivery of the mares, although no witness seems to have testified in terms to this. At any rate, appellant, by selling the mares at less than the agreed price, had placed it out of its power to make the delivery, and we think appellee's claim was due from this time. It is unnecessary for us to decide as to whether or not interest should have been calculated from this date, as it was allowed only from the 1st of January thereafter.

It is true the verdict shows that the jury allowed appellant only $60 attorney fees upon its note, when they should have allowed $66.36; but it also shows that they allowed $84 interest, when they should have allowed only $63.60. The gross amount allowed appellant was therefore $14.36 more than it was justly entitled to receive, and we are therefore of opinion that it has no just cause of complaint as to the amount of the finding in its favor.

Finding no error in the judgment as rendered by the court below, it will be in all things affirmed.

*Affirmed.*

Delivered March 7, 1894.