FAY FRUIT COMPANY, Respondent, v. McKINNEY BROS. & COMPANY, Appellants.

Kansas City Court of Appeals, November 9, 1903.

1. FOREIGN CORPORATIONS: Compliance with Statute: General Agency. While a foreign corporation may solicit trade in this State, by drummers, without a compliance with sections 1025 and 1026, Revised Statutes 1899, yet if it establishes a general agency and disposes of its goods in this State, it can not escape the burdens of the statute and must comply with the provisions thereof or else be disqualified to enforce payment for goods so sold.

2. ———: ———: Interstate Commerce: Pleading. The above statute does not attempt to regulate commerce between the states, but simply the corporations within this State; and on the pleadings and the proceedings below, no such question arises in this court.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover,* Judge.

REVERSED.

*Hardin & Taylor* for appellant.

The trial court erred in rendering judgment for plaintiff in this cause. The evidence presented at the trial brings this case clearly within the mandatory and prohibitive terms of sections 1025 and 1026 of the Revised Statutes, 1899, and the rule so clearly enunciated by this court in its construction of said sections. Wil-

liams v. Scullin, 59 Mo. App. 30; Ehrhardt v. Robertson Bros., 78 Mo. App. 404.

*Wollman, Solomon & Cooper* for respondent.

(1) The appellant only cites two cases in his brief, Ehrhardt v. Robertson Bros., 78 Mo. App. 404 and Williams v. Scullin, 59 Mo. App. 30. It is very evident that the cases are not in point. (2) Respondent is not a resident foreign corporation, and therefore need not comply with the laws of the State of Missouri in regard to foreign corporations. Steam Heating Co. v. Gas Fixture Co., 60 Mo. App. 148; Maxwell & Co. v. Edens, 65 Mo. App. 439; Blevins v. Fairley, 71 Mo. App. 259; Woolen Mills v. Edwards, 84 Mo. App. 448.

ELLISON, J.—The plaintiff is a corporation organized under the laws of California and deals in fruits grown in that State. It sold to defendant 362 boxes of oranges and the latter refusing to pay the price, for reasons not necessary to state, it instituted this action on the account and recovered judgment in the trial court.

The ground relied upon in the trial to defeat the action was that plaintiff being a foreign corporation was doing business in this State without first obtaining a certificate from the Secretary of State authorizing it to do business in this State as is provided by our statute. The statute (Sections 1025 and 1026, Revised Statutes 1899) requires that such corporation shall file with the Secretary of State a copy of its charter with certain other statements, and that the Secretary of State shall issue a certificate authorizing it to do business. The statute further imposes a penalty for failure to comply with its provisions, and enacts that a corporation violating its terms should not be permitted to maintain an action on any demand it might have against one with whom it may have dealt. The statute however contains

a proviso that its provisions "shall not apply to drummers or travelling salesmen soliciting business in this State for foreign corporations which are entirely non-resident." The evident object of the statute was to require those non-resident corporations which located themselves in this state for the transaction of business to place themselves under our laws and assume the burdens of taxation as required of resident corporations.

The plaintiff claims that it was not evading this statute in conducting its business in this State and that its mode of doing business as exemplified in this instance was protected by the proviso just quoted, wherein foreign corporations are permitted to solicit business through drummers, or travelling salesmen. Undoubtedly foreign corporations may advertise their goods in this State and may send travelling salesmen into this State to solicit purchases from them *in their foreign location* wherever that may be. But (without first complying with the statute) they can not establish an agent here for the sale of their goods in this State which have been shipped to such agent or to themselves to be received by him, for the purpose of selling to whomsoever he may find who will buy of him. If that could be done it would work an easy destruction of the law.

In this case it was shown that plaintiff had a general agent at Kansas City, Mo. At one part of his testimony he called himself a general agent, and at another part a general salesman, but, under either designation, the same result follows on the facts shown. He kept an office in such city, the rent of which was paid for by plaintiff, and he had charge of its business in a certain district of country, including the city of St. Joseph. He testified that it was common for plaintiff to ship fruit from California to some point in another State, not to some customer who had ordered or contracted for the fruit, *but consigned to itself*. And that then he, being advised by plaintiff that the fruit had been shipped, and having application for fruit would "divert the car" at

Kansas City by ordering it stopped at that place, take his purchaser to the railway yards and sell as it stood in the car, collect the price and remit to plaintiff. Much of plaintiff's business was done in that way. We do not see how the case can be distinguished from Ehrhardt v. Robertson, 78 Mo. App. 404, and Williams v. Scullin, 59 Mo. App. 30.

There is no doubt but the case made shows that plaintiff maintained a permanent agent here to whom it shipped goods that he might sell them to whoever would buy. The goods were shipped, not in response to an order, or a sale already made by plaintiff through a "travelling salesman or drummer;" but to plaintiff's own order and were to be sold by its agent to whomsoever would purchase at the proper price. Plaintiff's only witness was its agent who made the sale. The following question was put to him both in deposition before trial and at the trial:

"Q. As I understand you then, you say all of those cars that you have been selling here are shipped by the Fay Fruit Company and delivered here to its own order and then you, on behalf of the Fay Fruit Company, as their agent, while the cars were standing here on the tracks, handle and sell them to whoever you can? A. Yes, sir."

That answer fixes the manner of plaintiff's business in this State and the arrangement whereby sales to various customers were made while the fruit was on a car standing in the railway yards, was no less than if plaintiff had put it in its cold storage warehouse to await purchasers. The business was transacted and the sale made in this State by an agent kept here for that purpose. To allow plaintiff to escape the burdens of domestic corporations by such mode, would be to allow success to a palpable evasion of the statute.

It was argued by plaintiff that its business was interstate commerce; that it was protected by that law, and that the statute of this State, if held applicable,

would be void as being a regulation of such commerce. In our opinion the statute makes no effort whatever to regulate commerce. It merely provides a regulation for those foreign corporations which conclude to fix a situs in this State for the transaction of business therein and yet seek to go free of the burdens cast upon domestic corporations. Commonwealth v. Schollenberger, 156 Pa. St. 201. But plaintiff has no right to interpose such theory from the fact that no such point was made by the pleading or otherwise raised in the trial court.

We think the judgment should have been for the defendant and it will accordingly be reversed. All concur.