McKINNEY v. SOUTHWESTERN LIQUOUR CO. (No. 816.)

(Court of Civil Appeals of Texas. El Paso. March 14, 1918.)

SET-OFF AND COUNTERCLAIM &⇒35(1)—LIQUIDATED ITEMS—VALUE OF TIME AND EXPENSES.

In suit on a note, where defendant counterclaimed for plaintiff's breach of agreement to pay defendant the reasonable value of his time in the performance of certain services and the expenses which he incurred, the value of defendant's time and the amount of expenses incurred being alleged, the trial court erred in sustaining exception on the ground that the the items were unliquidated demands.

Appeal from El Paso County Court; E. B. McClintock, Judge.

Suit by the Southwestern Liquor Company against B. F. McKinney. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

P. E. Gardner, Hudspeth & Harper, and L. A. Dale, all of El Paso, for appellant. A. R. Grambling, Juan Smith, and Beall, Kemp & Nagle, all of El Paso, for appellee.

HIGGINS, J. Appellee sued appellant upon a promissory note. By cross-action, appellant set up a counterclaim arising out of a breach of contract. It was alleged by McKinney that he had performed certain services for appellee and incurred certain ex-

penses in the performance thereof; that appellee had agreed to pay the reasonable value of his time in the performance of said services and the expenses which he had incurred. The value of his time and the amount of expenses incurred were alleged.

An exception to the counterclaim was sustained upon the ground that the items thereof were unliquidated demands, and could not be set off against the plaintiff's demand. The items claimed in set-off were not unliquidated. McCarty v. Squyres, 34 S. W. 356; De June v. Brubaker, 5 Tex. Civ. App. 79, 24 S. W. 79; Bank v. Lynch, 6 Tex. Civ. App. 590, 25 S. W. 1042; Snelling v. Koerner, 27 S. W. 887.

The court erred in sustaining the exception. Reversed and remanded.

---

HEMMAN v. JANSSEN OSTERTAG MFG. CO. (No. 813.)

(Court of Civil Appeals of Texas. El Paso. March 14, 1918. Rehearing Denied March 28, 1918.)

APPEAL AND ERROR &⇒1161—ASSIGNMENT—CONFESSION OF ERROR.

Where appellant assigns error to the trial court's failure to file findings of fact and conclusions of law, request therefor having been made by appellant, and appellee confesses error, the assignment will be sustained.

Appeal from El Paso County Court; E. B. McClintock, Judge.

Suit by the Janssen Ostertag Manufacturing Company against Nelson Hemman. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Harrington & Bridgers, of El Paso, for appellant. McKenzie & Loomis and W. E. Loose, all of El Paso, for appellee.

WALTHALL, J. This suit was filed by appellee against appellant under allegations that appellant and C. A. Bartels were copartners and doing business under the tradename of Now Manufacturing Company, and based its suit upon an account for merchandise sold by it to said company. Appellee recovered judgment on a trial before the court without a jury.

Appellant assigns error to the court's failure to file findings of facts and conclusions of law, request that such findings and conclusions be filed having been made by appellant. Appellee confesses error in the matter complained of.

The assignment is sustained, and the case is reversed and remanded.

---

&⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes