**WOLFORTH et al. v. A. J. DEER CO., INC.**
(No. 9897.)

Court of Civil Appeals of Texas. Dallas.
March 19, 1927.

**1. Pleading ☞214(8)—General demurrer to plea in abatement requires court to assume truth of allegations of fact and measure sufficiency thereof in that light.**

General demurrer to plea in abatement, on ground that plaintiff was foreign corporation doing intrastate business without permit, requires court to assume truth of allegations of fact and measure legal sufficiency thereof as viewed in such light.

**2. Corporations ☞672(7)—Petition held to show that plaintiff, foreign corporation, was engaged without permit in intrastate business, out of which cause of action grew.**

Allegations of plea in abatement that plaintiff was foreign corporation, doing business in state without permit by shipping merchandise sued for to defendant as its agent for sale and delivery in state, etc., *held* sufficient to show that plaintiff was engaged in intrastate business, out of which cause of action grew.

**3. Corporations ☞661(6)—Agent of foreign corporation held not estopped to urge its inability to sue him because of failure to obtain permit to do intrastate business.**

Relationship of principal and agent between plaintiff, foreign corporation, and defendant *held* not to estop latter from urging plaintiff's inability to maintain suit because of failure to obtain permit to do business in state.

**4. Sequestration ☞12—Description of property in affidavit for writ of sequestration by figures indicating time of reception and prices after each item held sufficient.**

Description of property in affidavit for writ of sequestration in tabulated form, with figures indicating month, day, and year of its reception by defendant after each item under general heading "date," and figures indicating dollars and cents under word "price," *held* sufficiently certain to identify property from other property of like kind.

**5. Sequestration ☞12—Affidavit for writ of sequestration averring truth of facts alleged in petition held sufficient.**

Affidavit for writ of sequestration, averring truth of facts stated in petition alleging that description therein and values attached thereto were correct, complied with law requiring that value of each article sued for be stated in affidavit; petition referred to becoming part of affidavit so far as containing allegations that should have appeared in body thereof.

**6. Sequestration ☞12—County in which property was located held sufficiently averred by affidavit that petitioner feared removal thereof from named county, followed by prayer for issuance of writ to sheriff or constable thereof (Rev. St. 1925, § 3).**

Affidavit that "petitioner fears that * * * defendant will * * * remove [property] out of the limitations of the county of Dallas," followed by prayer for issuance of writ of sequestration to sheriff or any constable of such county, substantially complied with Rev. St. 1925, art. 6841, § 3, requiring averment of county in which each piece of property sequestered was located.

**7. Pleading ☞147—Cross-action for commissions and storage charges by former sales agent sued for possession of personalty held founded on cause of action connected with plaintiff's cause (Rev. St. 1925, art. 2017).**

In suit for possession of personalty, alleged to have been received by defendant as plaintiff's sales agent, cross-action for commissions on sales and amount due for storage *held* not demurrable; being founded on cause of action arising out of, or incident to or connected with plaintiff's cause of action, within Rev. St. 1925, art. 2017.

**8. Set-off and counterclaim ☞35(1)—Sales agent's claims for commissions and storage charges held not unliquidated demands but proper subject of counterclaim, in action for possession of personalty (Rev. St. 1925, art. 2017).**

Sales agent's claims for commissions and storage charges *held* not unliquidated demands, so as to prevent consideration thereof as proper counterclaim, under Rev. St. 1925, art. 2017, in principal's action for possession of personalty, though plaintiff's cause of action sounded in tort.

**9. Pleading ☞216(3)—Defects rendering cross-action subject to special exception cannot be considered in passing on general demurrer.**

Defects rendering cross-action subject to special exception cannot be considered in passing on pleading as tested by general demurrer.

**10. Evidence ☞568(4)—Fixing value of property replevied in sequestration proceedings at more than witnesses testified to held error.**

Court erred in fixing value of property replevied by defendant in sequestration proceedings at greater sum than testified to by witnesses; value stated in affidavit for writ of sequestration or fixed by officer in his return being no evidence of value.

**11. Sequestration ☞16—Burden was on plaintiff to establish value of property sequestered at time of trial or execution of replevy bond.**

Burden was on plaintiff to establish value of property sequestered, either as of date of trial or at time of execution of replevy bond by defendants.

Appeal from District Court, Dallas County; T. A. Work, Judge.

Suit by the A. J. Deer Company, Inc., against C. A. Wolforth, in which plaintiff sued out a writ of sequestration, and defendant replevied the property, with C. L. Heath, W. F. Ohring, and another as sureties on his bond. From a judgment for plaintiff, defendant and the named sureties appeal. Reversed and remanded.

---

Carpenter & Rosenfield, of Dallas, for appellants.

Robert B. Seay, of Dallas, for appellee.

VAUGHAN, J. Appellee, the A. J. Deer Company, Inc., a foreign corporation, sued C. A. Wolforth, one of the appellants, for possession of certain personal property or its value in the sum of $2,200. With the filing of the suit appellee sued out on the 11th day of January, 1925, and caused to be levied on the 18th day. of January, 1925, a writ of sequestration on the property sued for. Appellant Wolforth on the 18th day of January, 1925, duly replevied said property, with C. L. Heath, W. F. Ohring, and E. N. Riley as sureties on his replevin bond, said Ohring and Heath, with Wolforth, being appellants herein. Appellant Wolforth answered, pleading (a) in abatement, (b) motion to quash writ of sequestration, and (c) cross-action alleging that appellee was indebted to him for commissions in the sum of $930.52 and storage charges in the sum of $475, on account of alleged transactions growing out of and incident to the appellee's cause of action. Appellee's general demurrer to appellant's first amended plea in abatement and his cross-action was sustained, and appellant's motion to. quash appellee's affidavit and bond in sequestration overruled. Trial before the court without a jury resulted in judgment in favor of appellee against appellant C. A. Wolforth for the property sued for, and in the alternative for the sum of $1,545, the value of said property as found by the court, against appellants. From this judgment appeal was prosecuted by Wolforth, Ohring, and Heath.

Appellants' first proposition challenges the ruling of the court in sustaining appellee's general exception to the plea in abatement of appellant Wolforth. The following are the material facts alleged by said plea; viz., that appellee was a foreign corporation doing business in the state of Texas without a permit, in violation of its laws, in that he entered into a contract in writing under date of September 7, 1921, with appellee, whereby he became its agent to represent it in certain designated parts of Texas for the purpose of selling its goods, wares, and merchandise, for which he was to receive a certain stipulated commission; that acting through appellant, as such agent, appellee conducted business in the state of Texas, in this: That said appellant delivered the merchandise of appellee to its customers within the state of Texas; that appellee was obligated under its contract with its customers in Texas to keep its goods, wares, and merchandise sold in Texas in repair for one year; and that said appellant, acting as agent of appellee and for its sole benefit, did install, keep, and maintain the goods, wares, and merchandise of appellee so sold by it; that the property sued for was shipped to said appellant for the purpose of being sold and delivered in the state of Texas; that soon after the execution of said agency contract appellee shipped direct to appellant the personal property sued for, together with other merchandise, for the purpose of exhibition and sale by appellant; that said property sued for, together with other property received from appellee under said contract, was exhibited by said appellant and sold by him as such agent direct from the floor of the building in which located to various customers; that an initial payment was secured on each order out of which he retained his commission and forwarded the balance to appellee; that appellee paid the rent on the building, at 309 N. Ervay street, from which the property sued for and other merchandise was exhibited for sale and sold; that said appellant, in so representing and acting for appellee, acted as its agent and was compelled, under his contract, to account to appellee for all sales; that although it was specially provided in said agency contract that all repairs of property so sold should be made at appellee's factory, subsequent thereto appellee instructed appellant, in writing, to make such repairs, as agent of appellee.

[1, 2] Appellee's general demurrer addressed to said plea in abatement required the trial court to assume the truth of the allegations of fact, and as viewed in that light to measure the legal sufficiency of same, viz., whether the facts alleged being true were sufficient to abate appellee's cause of action on the ground that it was a foreign corporation doing intrastate business within the state of Texas without a permit. We have concluded that the allegations were sufficient to show that appellee was not engaged in interstate but in intrastate business, out of which the cause of action grew upon which suit was instituted by it against appellant Wolforth. In support of this holding, we shall forego an analytical discussion, but shall be content to cite the following authorities: Barnhard Bros. & Spindler v. Morrison et al. (Tex. Civ. App.) 87 S. W. 376; York Mfg. Co. v. Colley (Tex. Civ. App.) 172 S. W. 206; Fay Fruit Co. v. McKinney, 103 Mo. App. 304, 77 S. W. 160; Browning v. City of Waycross, 233 U. S. 16, 34 S. Ct. 578, 58 L. Ed. 828; Thomas Mfg. Co. v. Knapp, 101 Minn. 432, 112 N. W. 989. Therefore we hold the court erred in sustaining said demurrer.

[3] We hold there is no merit in the contention of appellee that, because of the relationship of principal and agent existing between it and appellant Wolforth, he was estopped from urging the inability of appellee to maintain its suit against him. Thomas Mfg. Co. v. Knapp, supra; Billingslea Grain Co. v. Howell (Tex. Civ. App.) 205 S. W. 671; U. S. Express Co. v. Lucas, 36 Ind. 361; King Copper Co. et al. v. Dreher, 68 Colo. 554, 191 P. 98.

[4, 5] It is contended by appellants that the court erred in overruling motion to quash the writ of sequestration on the ground (a):

that the affidavit did not state the value of each article of property sued for; and (b) that it did not aver the county in which each piece of property sequestered was located. We do not think that there is any merit in the propositions raising the above questions. The property is described with sufficient certainty to identify it from property of like kind. The description is in tabulated form, and following each item of property, under a general heading of "date," are figures that indicate the month, day, and year that the property described was received by appellant Wolforth, but do not indicate the use of same for any other purpose, especially the date of the valuation of the property sued for as contended for by appellants. In tabulated form, under the word "price," follows in figures opposite each piece of property, indicating dollars and cents, which could have had reference only to the value of each piece of property that such figures respectively followed. This is made clear by the following provisions of the affidavit and the pleading therein referred to. Affiant stated that:

He "is familiar with the facts alleged in said petition [referring to appellee's original petition], and that they are true in substance and in fact."

In said petition it was alleged:

"That the description as set forth herein is correct and accurate and that the values attached thereto are the actual market values of the property sued for."

This was a compliance with the law requiring the value of each article of the property sued for to be stated in the affidavit, as the petition thus referred to became, in so far as it contained allegations that should have appeared in the body of the affidavit, a part thereof, as if set out therein in hæc verba.

[6] As to the county in which the property was located, we are of the opinion that the following part of the affidavit was a substantial compliance with the law (article 6841, § 3, R. C. S. 1925) as being, in effect, that said property was located in Dallas county, viz., "that your petitioner fears that the said defendant will waste said property and remove the same out of the limitations of the county of Dallas during the pendency of this suit," followed by a prayer for the writ to issue to the sheriff or any constable of Dallas county, Tex., commanding the taking of the property sued for. Said propositions, based on the refusal of the court to sustain said motion, are overruled.

[7] By appropriate proposition, appellants present to the court for review the action of the trial court in sustaining a general demurrer to the cross-action of appellant Wolforth. The property sued for was alleged to have been received by said appellant, as the agent of appellee, for the purpose of soliciting and transmitting orders for merchandise sold by appellee; that after said appellant, of his own volition, terminated said agency, he refused to comply with appellee's demand for the possession of said property. By his cross-action, said appellant sought to recover of appellee the sum of $930.57 as commissions, claimed to be due him on account of sales alleged to have been made by him as appellee's agent of its goods, wares, and merchandise, as authorized by the contract of agency under which the goods sued for were received by appellant, and also for the sum of $475 alleged to be due as storage on the goods sued for that accrued after the termination of his agency. To this cross-action the court sustained appellee's general demurrer. This was error because the claims on which it was based were "founded on a cause of action arising out of, or incident to, or connected with," appellee's cause of action. R. S. 1925, art. 2017; Bateman v. Hipp, 51 Tex. Civ. App. 405, 111 S. W. 971; Shaw et al. v. Faires (Tex. Civ. App.) 165 S. W. 501; Gooch et al. v. Isbell et al. (Tex. Civ. App.) 77 S. W. 973; First Nat Bank of Arlington v. Lynch, 6 Tex. Civ. App. 590, 25 S. W. 1042.

[8, 9] Furthermore, we hold that the claims constituting said appellant's cross-action were not unliquidated demands so as to prevent their being considered as a proper counterclaim, under article 2017, supra. Shaw v. Faires, supra; Jones et al. v. Hunt, 74 Tex. 657, 12 S. W. 832. And this, notwithstanding appellee's cause of action sounds in tort. Gooch et al. v. Isbell et al., supra. We therefore hold that the court erred in sustaining said general demurrer. In this connection, we think it proper to state that there are certain defects in the cross-action that render it subject to special exception. However, we are only passing upon the pleading as tested by general demurrer, such defects being of no value in measuring the sufficiency of said plea so tested.

[10, 11] By appropriate proposition, appellants contend that the evidence was wholly insufficient to sustain the action of the trial court in finding the value of the property replevied to be $1,545, the basis for this contention being that the undisputed evidence as to value established only that said property was worth at the date of the execution of the replevy bond the sum of $620, the date at which appellee elected to establish the value thereof. The evidence of the only witnesses who testified to the value of the property, we are of the opinion, left no doubt as to the value as fixed by them being the sum of $620. The value stated in the affidavit for the writ of sequestration, or the value as fixed by the officer in his return, could furnish no evidence as to the value of said property. The burden of proof, under the law, was upon appellee to establish the value of the property, either as of the date of the trial or at the time of the execution of the replevy bond. Therefore it is apparent that the court erred in fixing the value of the property replevied

at a greater sum than testified to by said witnesses.

By reason of the above errors, the judgment of the trial court is reversed and the cause remanded for further proceedings in accordance with this opinion.

Reversed and remanded.