## FERGUSON v. PLAINVIEW NAT. BANK.
### No. 3662.

Court of Civil Appeals of Texas. Amarillo.
Oct. 14, 1931.

Rehearing Denied Nov. 4, 1931.

W. W. Kirk, of Plainview, for appellant.

E. Graham and Kinder & McMath, all of Plainview, for appellee.

JACKSON, J.

The appellee, a national bank, with its place of business at Plainview, Tex., instituted this suit in the district court of Hale county, Tex., against the appellant, Joe Lee Ferguson, on two promissory notes.

The appellee alleges:

That on June 10, 1930, the appellant executed and delivered to the First National Bank of Plainview, Tex., his two certain promissory notes, one for the sum of $7,000, due four months after date, and one for the sum of $233.35, due on demand. That each of said notes provide for interest from maturity at the rate of 10 per cent. per annum, each stipulated for 10 per cent. attorneys' fees. That each of said notes were past due and had been placed in the hands of an attorney for collection.

That said notes, for a valuable consideration, had, in due course of business, been transferred to appellee, and that it is the legal owner and holder thereof, and appellant, though often requested, has failed and refused to pay said notes or either of them, to appellee's damage in the sum of $10,000.

The appellant answered, and, after his general demurrer and general denial, his allegations, in so far as necessary to this appeal, are that on October 21, 1930, after the maturity of the notes sued on, appellee, the Plainview National Bank, acquired from the First National Bank all of its assets, including the appellant's notes, and assumed all the liabilities and obligations of said First National Bank.

The appellant, after setting out in detail numerous notes given by him to the First National Bank and the renewals thereof, the notes sued on constituting the last renewal notes, alleges:

That on June 10, 1930, he executed and delivered to the First National Bank his note in the sum of $7,000, payable to said bank four months after date, in renewal of two $3,500 notes, and on the same day executed the other note sued on in the sum of $233.35, due on demand, and bearing interest from date until paid at the rate of 10 per cent. per annum. That the $233.35 note represented the interest on the $7,000 note for four months, and, as it bears interest from date, it exceeds 10 per cent. interest on the $7,000 note in the sum of $7.77, and by reason of such usurious charge the appellee became bound and liable to appellant in the sum of $482.06, which he claims and demands of plaintiff.

That prior to the taking over of the assets of the First National Bank by the appellee,

and while said bank was engaged in business, the appellant deposited with it for safe-keeping ten certain vendor's lien notes, each in the sum of $840, dated Nov. 16, 1929, due and payable respectively on the 1st day of January, 1931, 1932, 1933, 1934, 1935, 1936, 1937, 1938, 1939, and 1940. That each of said notes bears interest from date until paid at the rate of 7 per cent. per annum, payable annually, and stipulate that all past-due interest shall bear interest from the accrual thereof until paid at the rate of 10 per cent. per annum. That said notes were the property of appellant, and in taking over the assets and assuming the liabilities of said First National Bank the appellee took possession of said notes. That on November 1, 1930, when appellee demanded that appellant pay the two notes sued on, the appellant demanded of appellee the delivery of said ten notes to him, which the appellee refused to do, and thereby converted said notes. That at the date of said conversion the ten notes were of the face value of $8,968, and the appellee became bound and obligated to appellant for said sum. That, had the appellee delivered to appellant his said notes on demand, he could and would have obtained a loan for $8,694.60 for a year by placing said notes as collateral security for said loan, and that said notes on said day and date had a value to the appellant of $8,694.60, and that by reason of the premises the appellee is liable and obligated to pay plaintiff said value of said notes, which sum is in excess of the indebtedness due appellee by appellant on the note sued on.

In a supplemental petition the appellee excepted to all those portions of appellant's answer seeking to offset appellee's cause of action by amounts of usurious interest alleged to have been paid and the penalty therefor, because said amounts cannot be offset against plaintiff's demand. The appellee also excepted to appellant's allegations relative to the conversion by appellee of appellant's ten vendor's lien notes and his allegations relative to a recovery thereon, because it is an attempt to offset and recover on an unliquidated demand not in any way connected with or growing out of appellee's cause of action, which is liquidated.

The court sustained appellee's exceptions, the appellant refused to amend, and the case was submitted to the court without the intervention of a jury, and judgment rendered for appellee against appellant for the sum of $8,226.13, with interest from the date of the judgment at the rate of 10 per cent. per annum and all costs of suit, and that the appellant take nothing, from which judgment this appeal is prosecuted.

The appellant presents as error the action of the court in sustaining appellee's exception to his allegations pleading as a set-off usurious interest, because a national bank contracting for the collection of usurious interest forfeits all interest on the principal.

■ The note for $233.35 bears the same date as the note for $7,000 and is payable on demand after date "with interest from maturity at the rate of ten per cent. per annum, payable annually." If, as alleged by appellant, this note represented the interest on the $7,000, note, it would be a usurious contract if it bore interest from its date. Bothwell v. Farmers' & Merchants' State Bank & Trust Co. of Rusk (Tex. Sup.) 30 S.W.(2d) 289. But this note provides that it bears interest from maturity, and the parties expressly agree that the interest on said demand note began on its maturity date, which was October 10, 1930. Under this agreement it is unnecessary for us to determine whether this item could be pleaded as a set-off, because, if the demand note, as agreed, bore interest from maturity and it matured October 10th, the contract was not usurious, for the reason that the $7,000 note matured on that day.

The appellant assails as error the action of the trial court in sustaining appellee's exception to appellant's pleading relative to the conversion by appellee of appellant's ten vendor's lien notes and to his allegations seeking a recovery thereon, because his said ten vendor's lien notes constituted a liquidated demand, and he was entitled in this suit to recover thereon.

The appellant alleged that appellee received possession of his ten vendor's lien notes from the First National Bank of Plainview, with whom they had been placed for safekeeping, at the time appellee acquired the assets and assumed the liabilities of said First National Bank. He alleges the date of each of said notes, the amount of each of said notes, the due date of each of said notes, and that said notes were of the aggregate face value of $8,968, and had a value to the appellant in the sum of $8,694.60 at the date of the alleged conversion.

Article 2017, R. C. S., provides in effect that, if plaintiff's suit be founded on a certain demand, the defendant shall not be permitted to set off unliquidated or uncertain damages founded on a tort or breach of covenant on the part of plaintiff, unless the counterclaim so pleaded is founded on a cause of action arising out of, or incident to, or connected with, plaintiff's cause of action.

Appellant's allegations fail to show that the counterclaim alleged by him arose out of, or was incident to, or connected with, plaintiff's cause of action. His allegations are that the notes were deposited for safe-keeping, and do not show any connection with his depositing the notes for safe-keeping and his execution of the notes upon which appellee sued; hence appellant was not entitled to urge his notes in reconvention in his cross-action unless they evidenced a liquidated demand.

It appears to be settled in this state that: "In actions to recover damages for the wrongful conversion of a chose in action, it is the purpose and policy of the law as in other actions for damages to give to the injured party compensation for the damage he has sustained. The ordinary measure of damages in such cases is the amount prima facie due on the face of the claim. If the claim for the conversion of which the suit is brought is really of less value than its face it devolves upon the defendant to prove that fact." Ramsey v. Hurley et al., 72 Tex. 194, 12 S. W. 56, 59.

In Arkansas Fertilizer Co. v. City National Bank, 104 Tex. 187, 135 S. W. 529, 531, the Supreme Court again announces the rule: "That ordinarily the conversion of promissory notes creates a liability in the absence of pleading and proof showing a lesser value for the face value thereof is well settled, not only in this state, but generally."

See, also, Farmers' State Guaranty Bank v. Pierson (Tex. Civ. App.) 201 S. W. 424; Peerless Fire Insurance Co. v. Barcus (Tex. Civ. App.) 227 S. W. 368; Pierce v. National Bank of Commerce (C. C. A.) 13 F.(2d) 40, 41, and authorities cited.

In 24 R. C. L. p. 856, the author says: "Unliquidated damages are such as rest in opinion only, and must be ascertained by a jury, their verdict being regulated by the peculiar circumstances of each particular case; they are damages which cannot be ascertained by computation or calculation—as, for instance, damages for not using a farm in a workmanlike manner; for not building a house in a good and sufficient manner; on a warranty in the sale of a horse, and other cases of like character, where the amount to be settled rests in the discretion, judgment or opinion of the jury. In these and like cases there are no data given for computation; nor can the damages be ascertained by any mode of calculation. It is otherwise as to the amount due on a note, or on a merchant's account, or for work, labor and services, or for a yard, a piece or a bale of flannel; the damages in such cases can be readily ascertained by calculation. So in a case where the counterclaim is for the value of property converted, the fact that the price had not been agreed on does not make it a case of unliquidated damages, within the sense in which this term has been used."

■■ If the appellee had converted appellant's notes, as is alleged, appellant had an election of remedies, and could maintain either a suit for the wrongful conversion or for the value of the notes converted upon the promise which the law implies from the conversion. The appellee cannot rely on the fact that it is a tort-feasor to defeat the promise which the law implied to the effect that it would keep the appellant's notes safely and return them to him on demand.

In Jones et al. v. Hunt, 74 Tex. 657, 12 S. W. 832, 833, the plaintiff sued the defendant for the conversion of money which had been left with the defendant for safe-keeping and delivery to the plaintiff. The defendant pleaded in reconvention several items of indebtedness held by him against the plaintiff, one of which was "that he was the owner by transfer of one promissory note executed by plaintiff." The court held that plaintiff's suit for the money left with the defendant for safe-keeping constituted a liquidated demand, stating: "There was an implied contract upon the part of defendant to deliver to plaintiffs, upon their demand, the money received from the express company. His refusal to deliver it on demand was a breach of the contract, and conversion of the money."

The court permitted the defendant to recover on the note set up in reconvention, thus in effect holding that the note held by the defendant was such a liquidated demand as could be pleaded in reconvention against a liquidated demand.

In McCarty v. Squyres (Tex. Civ. App.) 34 S. W. 356, in a suit by plaintiff on a note which had been assigned to him after its maturity, the defendant pleaded in reconvention that the payee in the note before it was assigned was indebted to the defendant for services, and that such payee had promised to pay the defendant the reasonable worth thereof, which was the sum of $900. The defendant's plea of counterclaim was struck out on motion of the plaintiff, and the Court of Civil Appeals held that the striking of the plea in reconvention was erroneous because, if proven as alleged, the defendant would be entitled to recover against the plaintiff the amount of his services.

In McKinney v. Southwestern Liquor Co. (Tex. Civ. App.) 201 S. W. 1162, the plaintiff sued defendant on a promissory note and the defendant counterclaimed, alleging that the plaintiff had agreed to pay him the reasonable value of his time in the performance of certain services, and the expenses which he incurred therein, setting up the reasonable value of the services and such expenses, and the trial court sustained an exception to the defendant's counterclaim.

In passing upon the action of the trial court in sustaining the exception, the Court of Civil Appeals says: "An exception to the counterclaim was sustained upon the ground that the items thereof were unliquidated demands, and could not be set off against the plaintiff's demand. The items claimed in set-off were not unliquidated. McCarty v. Squyres [Tex. Civ. App.] 34 S. W. 356; De June v. Brubaker, 5 Tex. Civ. App. 79, 24 S. W. 79; [First Nat.] Bank v. Lynch, 6 Tex. Civ. App. 590, 25 S. W. 1042: Snelling v. Koerner [Tex. Civ. App.] 27 S. W. 887."

In volume 8 Ann. Cas. p. 738, preceding the annotation under the heading "Rule as to

counterclaim," 'the editor says: "In those jurisdictions where there are statutory provisions for counterclaims, it seems to be held without exception that where an action ex contractu could be maintained on the wrongful taking or appropriation of the defendant's property, the defendant may set up such taking or appropriation as a counterclaim against the plaintiff's liquidated demand."

This statement is followed by citation of authorities from many jurisdictions.

The appellant, in his counterclaim or cross-action, gave the data from which the face value of the notes could be ascertained by calculation. He alleged the face value of the notes and their value to him. If the value of the notes was less than that alleged, it devolved upon the plaintiff to prove that fact, and the court was not authorized to sustain appellee's exception and hold as a matter of law that the value of the notes was less than the face value as alleged by appellant.

It is the purpose and policy of the law of this state to avoid multiplicity of suits. This doubtless is the chief reason for our statute, which permits counterclaims and set-offs, and such statute should be liberally construed.

The judgment is reversed, and the cause remanded.