## ROGERS et al. v. IRWIN.
### No. 1435—6078.

Commission of Appeals of Texas, Section B.
May 3, 1933.

"This is an action brought in the trial court by the plaintiffs in error V. B. Rogers and W. Earl Harrison, doing business as the Auto Finance Company against E. M. Rabon to recover the balance due on a promissory note and to foreclose a mortgage on a Ford car given to secure same. The car was sequestrated by the plaintiffs in error whereupon the defendant filed a replevy bond with D. L. Irwin and H. H. Tompkins as sureties. The trial court rendered judgment against Rabon for the amount of the debt and for foreclosure of the mortgage and having found the value of the property. replevied to be greater than the debt rendered judgment against the principal and sureties on the replevy bond for the value of the car to the extent of the debt.

"D. L. Irwin, alone, sought by petition in error to reform the judgment of the trial court against the sureties on the replevy bond and the Court of Civil Appeals reversed and remanded the judgment of the trial court against said sureties, D. L. Irwin and H. H. Tompkins. 40 S.W.(2d) 871."

The Supreme Court granted the application in this case, because of the conflicts alleged by the holding of the Court of Civil Appeals, upon a question of law, and that of the Supreme Court in Southern Surety Company et al. v. Adams, 119 Tex. 489, 34 S.W.(2d) 789. The second assignment of error reads as follows: "The court erred in reversing the judgment of the trial court as to the defendant in error, D. L. Irwin, and in finding in connection therewith, that 'the trial court foreclosed the mortgage lien not only upon the automobile, but also upon "all equipment" and found the value of the "automobile and all equipment" as a whole, and did not find the value of the automobile which had been replevied.'"

The plaintiffs in error submit the following propositions under the above assignment of error:

"The sequestration bond recited that 'one Ford Cabriolet model, motor No. 2131192,' was sequestrated and the replevy bond recited that the same car using the same terms of description was replevied. The judgment of the Court found that the property replevied on the date of its replevy was of the value of $650.00 and rendered judgment against the obligors on the replevy bond in the amount of $648.73, the limit of the defendant's debt. The Court of Civil Appeals erred in holding that the trial court did not find the value of the property replevied and in reversing and remanding the judgment of the trial court as against the sureties, D. L. Irwin and H. H. Tompkins.

"Where the replevy bond showed that only one article of property, being one Ford car, was replevied, and where the judgment, the

See, also, 34 S.W.(2d) 672.

Spell, Naman & Howell and Harold J. Stafford, all of Waco, for plaintiffs in error.

Austin S. Dodd and Niblo & Dodd, all of Dallas, for defendant in error.

SHORT, Presiding Judge.

The following introductory statement of this case is made by the plaintiffs in error in their application for the writ of error:

recitations of which constituted the only record of the evidence introduced on the trial, granted a foreclosure against the Ford car and all equipment and further recited that the above described property was replevied by the defendant and the court found the value of the property on the date of its replevy to be $650.00, in the absence of any showing by the plaintiff in error in the Court of Civil Appeals that the said description, one Ford car and all equipment, included equipment separate and apart from. the Ford car, not attached to it, and having an intrinsic value of its own and not a value as a part of the complete Ford car, was a sufficient finding of the value of the property replevied to support the judgment of the trial court against the surety D. L. Irwin and his co-surety, H. H. Tompkins."

We sustain both of these propositions.

There being no statement of facts, every intendment of fact will be presumed to be in favor of the judgment rendered, and every recitation in the judgment will be construed most favorably, so as to sustain the judgment. The plaintiffs in error instituted this suit against E. M. Rabon to recover the balance due on a promissory note, and to foreclose a mortgage on one Ford car, together with a spare tire and tube and all equipment given to secure said note. They sequestrated the Ford car, described as "one Ford car Cabriolet model, motor No. A–2131192." This car was replevied by Rabon, with the defendants in error here, D. L. Irwin and H. H. Tompkins, as his sureties.

On the trial of the case the plaintiffs in error were awarded a judgment in the sum of $648.73 on the promissory note, with a foreclosure of his chattel mortgage on "one Ford car model, motor No. A–2131192 and all equipment." The judgment, among other things, provides:

"And it further appearing to the Court that said above described property was replevied by the defendant, who on the 15th day of February, 1930, executed his replevy bond therefor in the sum of One Thousand ($1,000.00) Dollars with H. H. Tompkins and D. L. Irwin as sureties, and it appearing from the evidence that said property was on said date of the value of Six Hundred Fifty ($650.00) Dollars:

"It is therefore further ordered, adjudged and decreed that the said plaintiffs, V. B. Rogers and W. Earl Harrison, doing business as a co-partnership under the name of Auto Finance Company, have and recover of the defendant, E. M. Rabon, and H. H. Tompkins and D. L. Irwin, the sureties on his replevy bond, the sum of Six Hundred Forty-eight ($648.73) and 73/100 Dollars, for which they may have their execution."

The Court of Civil Appeals reversed the judgment of the trial court; holding, among other things as a reason therefor, that there was no finding as to the value as to the equipment of the Ford car replevied, and remanded the case against the defendants in error, D. L. Irwin and H. H. Tompkins, but affirmed the case as to E. M. Rabon. While the petition of the plaintiffs in error declared that the note sued on was secured by a mortgage on "one Ford Cabriolet model, motor No. A–2131192, together with spare tire and tube and all equipment," the affidavit for the writ of sequestered property described the property as "one new Ford Cabriolet model, motor No. A–2131192." The replevy bond executed by Rabon, with Tompkins and Irwin as sureties, described the property replevied as "one new Ford Cabriolet model, motor No. A–2131192 of the alleged value of $500.00." The judgment rendered against Rabon was for $648.73, with interest from the date of the judgment at the rate of 10 per cent. per annum, together with all costs. The mortgage lien was foreclosed on "one Ford Cabriolet model, motor No. A–2131192 and all equipment," and this property was ordered sold to secure the payment of this judgment. The judgment recites the language heretofore quoted.

The Court of Civil Appeals in effect holds that, where there is more than one article replevied, it is incumbent upon the trial court to find the value of each article separately, under article 6857 of the Revised Civil Statutes, and then proceeds to hold that there was more than one article replevied, and that, inasmuch as there was more than one article replevied, the record shows that the court did not comply with article 6857.

We are of the opinion that, while the Court of Civil Appeals correctly construed article 6857, and that had there been more than one article replevied, it would have been the duty of the court to have found the value of each article, but we are also of the opinion that taking this record as a whole, down to and including the rendition of the judgment, it shows that there was only one article replevied, which was the automobile, and, its value having been fixed by the trial court at $650.00, and the judgment being for less than that sum, against the principal in the replevy bond, the trial court was correct in rendering judgment against the sureties, as well as the principal, for the amount of the debt. Taking the record as a whole, down to and including the rendition of the judgment, and giving it the most favorable construction of which it is susceptible, in order to support it, we are of the opinion that the judgment of the Court of Civil Appeals is erroneous and that of the district court is correct.

■ The affidavit for the writ of sequestration describes the property sought to be sequestered as "one new Ford Cabriolet model, motor No. A–2131192." The replevin bond contains the same description of the property replevied. The court, on the trial of the case,

found the value of the property replevied, which is the property above described, to be $650, thus demonstrating that there was only one article involved, so far as the defendant in error Irwin is concerned, he only being a surety on the replevin bond, and having no connection whatever with the mortgage. Irwin only has appealed. The principal, Rabon, did not appeal. Hence there was no connection whatever between Irwin and the mortgage which Rabon executed, and the judgment from which this appeal is taken, by Irwin alone, cannot be successfully assailed, because the mortgage executed by Rabon may have described several pieces of property, and the judgment of which Irwin complains describes only one. In other words, the defendant in error Irwin asserts that, because of the reference to the "spare tire, tube and equipment" in the mortgage which Rabon executed to the Auto Finance Company, and because of the fact that the judgment foreclosed the mortgage lien on this "spare tire, tube and all equipment, as well as the automobile," and because the court did not find the value of the spare tire, tube, and all equipment, in addition to finding the value of the automobile, the judgment must be reversed at the instance of Irwin alone. The judgment against the defendant in error on the replevin bond is based on the findings of the value of the property replevied, to wit: "One new Ford Cabriolet model, motor No. A–2131192," and it is not necessary to go beyond this in an analysis of the description of the automobile, and of the spare tire and tube and all equipment as set out in the plaintiff's petition in the court below. The plaintiffs in the court below, plaintiffs in error here, are entitled to judgment against the obligors on the replevin bond filed therein for the value of the property replevied.

Article 6841 of the Revised Civil Statutes, subdivision 3, provides that the applicant's affidavit for a writ of sequestration shall describe the property with sufficient certainty to identify it, giving the value of each article of the property, and the county in which the same is situated. This description is necessary because it determines the property on which the sheriff shall levy the writ, and determines the property for which the obligors on the replevin bond bind themselves. On the other hand, the allegation as to the value of the property sought to be sequestered serves only as a predicate for the amount of the plaintiff's bond required to be given by him. The allegations of value do not fix the value as a predicate for the judgment against the obligors on the replevin bond where the property is replevied. Article 6852 of the Revised Civil Statutes provides: "The bond provided for in the three preceding articles shall be returned with the writ to the court from whence the writ issued. In case the suit is decided against the defendant, final judgment shall be entered

against all the obligors in such bond, jointly and severally, for the value of the property replevied, and the value of the fruits, hire, revenue or rent thereof as the case may be; and the value of the property replevied shall be proven either as of the time of the execution of the replevy bond or as of the time of the trial, as the plaintiff may elect."

The right to prove the value of the property replevied as of the date of the trial, and to recover judgment against the obligor on the replevin bond based on that value, is fixed by the provisions of this article. Watts v. Overstreet, 78 Tex. 571, 14 S. W. 704; see, also, Overstreet v. Manning, 67 Tex. 657, 660, 4 S. W. 248; Cook v. Halsell, 65 Tex. 1; Luedde v. Hooper, 95 Tex. 172, 66 S. W. 55; Brunson v. Dawson State Bank (Tex. Civ. App.) 175 S. W. 438; Smith v. Citizens' National Bank of Lubbock (Tex. Civ. App.) 246 S. W. 407; Gillies v. Wofford, 26 Tex. 76; Carter v. Wallace, 2 Tex. 206.

The record discloses the fact to be that the original defendant and principal in the note, Rabon, only filed an answer in the original case in which there is not any exception whatever, except a general demurrer to the petition of the plaintiffs in error here. The record also discloses the fact to be that there is not a single exception to the introduction of any testimony, and, furthermore, that there is no statement of facts to be found in the record. The judgment rendered by the trial court, with the record in this condition, is entitled to be upheld if it can be, notwithstanding the apparent discrepancies of the description of the property involved by the allegations in the petition, and the statement in the affidavit for sequestration, and the recitations in the replevin bond, and the possible contradiction in the recitations in the judgment. We think it is fair to assume that the court concluded that was only one piece of property which was replevied, and that, there being but one piece of property, which was replevied, it found the value of that property as the law in such case provides, and, as the value of the property replevied was greater than the amount of the judgment against the principal, it followed the law in rendering a judgment against the sureties on the replevin bond, not for the value of the property, but for the amount of the judgment. We think, therefore, that the judgment of the trial court must be assumed to be correct.

There are other questions presented by the application for the writ of error, which, in view of the disposition we have made of the case, it is not necessary to mention. The transcript contains some proceedings which occurred after the rendition of the judgment. We have ignored a consideration of these proceedings in view of the fact that the appeal is not from the judgment rendered, or anything which may have occurred after the ren-

dition of the judgment, because they are not properly a part of the transcript where the record is in the condition in which this record is. We are not unmindful of the provisions of article 6853, which gives to the parties on the replevin bond the right to have the judgment satisfied, which had been rendered against them, by delivering to the sheriff or constable the property, or any part thereof, which the defendant has bound himself to have forthcoming, provided the property has not been damaged or injured. The opinion which we have rendered in this case is founded upon the record up to and including the time the judgment was rendered by the trial court, and is not intended to abridge the rights of the defendant in error in this case, if any he has, by reason of anything that may have been done by any one, including himself, after the rendition of the judgment by the trial court.

We recommend that the judgment of the Court of Civil Appeals be reversed, and that of the trial court affirmed.

CURETON, Chief Justice.

The judgment of the Court of Civil Appeals is reversed, and that of the district court affirmed as recommended by the Commission of Appeals.