**I. B. SHAPIRO et ux., Appellants,**

v.

**SAMPSON BROTHERS & COOPER, INC.,**
**Appellee.**

**No. 3496.**

Court of Civil Appeals of Texas.

Eastland.

March 18, 1960.

Robert R. Duvall, C. C. Devine, Houston, for appellants.

Dyche, Wheat & Thornton, Houston, Mobley & Emerson, Houston, for appellee.

COLLINGS, Justice.

On February 13, 1957, Sampson Brothers and Cooper, Inc., brought suit against A. J. Cooper to recover possession of a Ford truck and other equipment, tools and apparatus used in plaintiff's fumigation business, or in the alternative, to recover the value of such property. In a sworn application for writ of sequestration, Murry Lacy, the president of plaintiff corporation, alleged that Cooper was in possession of the described property and alleged the value of each item thereof, which was in the total amount of $3,660. On February 27, 1959, the defendant, A. J. Cooper, and I. B. Shapiro and Mrs. I. B. Shapiro, as

sureties, filed a replevy bond in the sum of $7,320, based on the values alleged in plaintiff's petition and application for writ of sequestration. On March 9, 1959, more than two years after the filing of the replevy bond, plaintiff filed its third amended original petition, alleging the value of the truck and certain other items of the described property to be in an amount in excess of that alleged in the original petition and that the total value of such property was $5,675. The case went to trial before a jury on March 17, 1959, without notice to the sureties of the changed allegations of value and without any opportunity on the part of the sureties to participate in the trial. The evidence introduced by plaintiff showed a greater value of the property than that alleged in plaintiff's original petition and the jury found that the total value of the property on the date of the filing of the replevy bond was $4,310, and that the property was on March 17, 1959, the date of the trial, of the total combined value of $1,670. It was further found by the jury that the value of the hire of the detained property from the date of replevy to the date of the trial was $3,000. Based upon the verdict, judgment was rendered against Cooper and against the sureties on his replevy bond for $7,310 with the provision that in the event all or any part of such property was returned to plaintiff, a credit should be allowed against the amount of the judgment for the value of each item returned as of March 17, 1959. The sureties on the replevy bond alone have brought this appeal and are not joined therein by the defendant, A. J. Cooper.

Appellants urge that the record shows error in that (1) the judgment against them for the value of the several items of property is materially greater than the value alleged in appellee's original petition and application for a writ of sequestration; (2) that although appellee before judgment, but about two years after the filing of its original petition and application for writ of sequestration, filed a third amended original petition and alleged values therein which would support the judgment, that appellee failed to comply with the requirements of Rule 700, Texas Rules of Civil Procedure, which provides for amendments correcting clerical errors in the affidavit, bond, and writ of sequestration only upon application in writing to the judge of the court and after notice to appellant. Appellants' points urging the above contentions are overruled.

Rule 696(c), T.R.C.P., requires that the affidavit for sequestration of property describe the property with certainty, giving the value of each article of the property. It is held, however, that the statement of value in the affidavit serves only as a predicate for the amount of the plaintiff's bond and is not evidence of the value of the property. It is also held that "the statement of value does not limit the recovery in case of replevy by the defendant, and does not preclude a judgment on the replevy bond for a greater amount." 37–B Tex.Jur. 618, 619; Watts v. Overstreet, 78 Tex. 571, 14 S.W. 704; Rogers v. Irwin, Tex.Com.App., 60 S.W.2d 192; Brunson v. Dawson State Bank, Tex.Civ. App., 175 S.W. 438; Wolforth v. A. J. Deer Co., Tex.Civ.App., 293 S.W. 590; Tripplett v. Hendricks, Tex.Civ.App., 212 S.W. 754. The judgment against appellants was not in excess of the amount for which they bound themselves to be responsible as sureties.

Rule 700, T.R.C.P., does provide that clerical errors in the affidavit, bond, or writ of sequestration may, upon application in writing to the judge, after notice to the opponent, be amended in such manner and on such terms as the judge shall authorize by an order entered in the minutes of the court. Rule 700 was based upon a rule which had long existed in the form of case law. See Porter v. Miller, 7 Tex. 468; May v. Ferrill, 22 Tex. 340; White v. Simonton, Tex.Civ.App., 67 S.W. 1073; Oliphant v. Buie, Tex.Civ.App., 134 S.W.2d 751. The provisions of Rule 700 are directed to clerical errors and are in accord

with the holdings in the above cited cases decided long before the enactment of the rule. The instant case does not involve a clerical error as contemplated by Rule 700, and such cited cases. The procedure governing clerical errors was not applicable to a fact situation such as here involved under case law prior to Rule 700 as shown by the rule announced in 37–B Tex.Jur. 618, 619, and cases cited, nor does it now apply.

■ Appellants, as sureties on the bond, were parties to the suit to a limited extent. No pleading was necessary to authorize a judgment against them on the replevy bond where judgment was against their principal. Lindsey v. Williams, Tex. Civ.App., 228 S.W.2d 243. Appellants, as sureties on the replevy bond, were not as a matter of right entitled to participate in the trial of the case. Contrary to their contention, no notice to them was required concerning the changed allegations of value or to afford them the opportunity to participate in the trial. They were required to abide by the judgment against the principal, as, by the terms of the bond, they had obligated themselves to do. Lawyers Lloyds of Texas v. Webb, Tex.Civ.App., 154 S.W.2d 867, and cases cited therein.

■ We also overrule appellants' point urging that the record shows error in that the judgment against them as sureties is for a sum of money greater than that contracted for in the replevy bond under Rules 696–716, inclusive, T.R.C.P., and deprives them of their property without due process of law. Appellants' complaint under this point is, in effect, that the judgment required them to account for normal depreciation of the property in the period following the replevy. In response to special issues the jury did find the value of the property in question at the time of replevy and the value of the property at the time of trial. The purpose of the finding of value at the time of the trial was to provide a basis for a credit on the judgment in the event the property was surrendered by the defendant in accordance with Rule 705,

T.R.C.P. Since the defendant in this case did not surrender the property or any part thereof, the value at the time of the trial is moot. This suit was for title and possession of property and judgment was properly rendered against the defendant and appellants as sureties on the replevy bond for the value of the property at the time of the replevy and for the value of the hire of the detained property from the date of replevy to the date of trial. Rules 702 and 704, T.R.C.P.; 38–B Tex.Jur. 667.

We have carefully examined the points urged by appellant and find no reversible error. The judgment of the trial court is affirmed.